THE FIRST NATIONAL BANK OF SIOUX CITY *et al.*

*v.*

DAVID A. GAGE *et al.*

1. CREDITOR'S BILL—*of the lien acquired thereby on debtor's property.* The filing of a judgment creditor's bill, or at least the service of process, gives the complainant a lien upon the property of the debtor, by placing it under the control of the court, which will not suffer it to be withdrawn so as to defeat the object of the bill.

2. SAME—*lien continues after debtor's death.* It seems that the lien a judgment creditor gets by virtue of the commencement of such an equitable suit, survives the death of the debtor, and that his property then passes to the personal representatives charged with the lien, and that the debts are to be paid out of the assets, after this lien, like any other legal lien, has been first satisfied.

3. SAME—*nature of lien and how defeated.* As respects *equitable interests* and *things in action*, the rule appears to be that the lien is fixed by the commencement of the suit, but as to chattels liable to execution at law, the lien is liable to be defeated by the actual seizure of the chattels on execution in favor of another creditor, before the appointment of a receiver.

4. SAME—*lien does not embrace subsequently acquired property.* The lien which a judgment creditor acquires by filing a creditor's bill is only upon the property which the debtor had at the commencement of the suit, and a supplemental bill is necessary to obtain a lien upon after acquired property.

5. SAME—*priority in payment of debts of deceased debtor.* If a judgment creditor, having filed a creditor's bill against the debtor in his lifetime, after his death, and administration taken out on the debtor's estate, seeks to have the legal order of distribution of the assets of the estate reversed, and have his claim preferred, he must clearly show his right to a priority, and to do this he must show that the debtor owned the property administered upon at the time of the commencement of the suit.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and HON. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

This was a creditor's bill, filed by the First National Bank of Sioux City and three other parties, against the firms of Gage Bros. & Rice and Gage & Rice, upon five judgments, and also against others. The cause was heard before the Hon. S. M. MOORE, Judge of the Superior Court of Cook county, who found that the complainants were not entitled to any lien or claim upon the personal property, or proceeds thereof, which came to the hands of the defendants, the executors of the estate of George W. Gage, deceased, or any part thereof, and dismissed the bill without prejudice. From this decree the complainants took the case by appeal to the Appellate Court of the First District, where the decree of the Superior Court was affirmed, and the cause comes to this court by appeal from the Appellate Court.

Messrs. TENNEYS & FLOWER, for the appellants.

Mr. H. H. TALCOTT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a creditor's bill, filed on the 30th day of December, 1874, by creditors, upon two judgments recovered against the firm of Gage & Rice, of which firm George W. Gage was a member, one for the sum of $669.17, and the other for $446.11, both recovered on the 30th day of December, 1874.

On or about September 24, 1875, George W. Gage died, and his executors were made parties to the suit.

There is a stipulation as to the facts, in the record, which contains all the evidence which was before the court upon the hearing.

It appears therefrom, that the estate of George W. Gage is being duly administered upon in the county court of Cook county; that the amount of the appraisal of all the personal

property of the estate was $5228.25. On the 13th of January, 1876, leave was granted to the executors by the court to sell all the property belonging to the estate not selected by the widow, under the "widow's award," and the total amount of sales of personal property made by the executors under the direction and with the approval of the court was $4300.25; after deducting the amount of the widow's award and other items ordered by the county court to be paid, there is cash in the executors' hands at the present time amounting to $1562.45. All the above was the personal and individual estate of George W. Gage at the time of his decease.

There have been proved in and allowed by the county court claims against George W. Gage amounting to $1653.97, which were individual claims against the estate of said Gage, and the individual liabilities of said Gage at the time of his decease largely exceeded the assets, both real and personal, belonging to his estate. The firm of Gage & Rice is wholly insolvent, the partnership liabilities greatly exceeding the partnership assets.

The question in controversy is this: Have the judgment creditors of Gage & Rice, complainants in this bill, by their suit, acquired a lien upon the assets of George W. Gage or of the proceeds thereof in the hands of his personal representatives, which should be protected and enforced by a court of equity?

The filing of a creditor's bill, or at least the service of process, gives the complainant a lien upon the property of the judgment debtor, by placing it under the control of the court, which will not suffer it to be withdrawn so as to defeat the object of the bill by any subsequent act or title. 2 Barb. Ch. Prac. 157, and see *Storm* v. *Waddell*, 2 Sandf. Ch. R. 494, and *Brown* v. *Nichols*, 42 N. Y. 26.

In the last cited case it was held: That the lien a judgment creditor gets by virtue of the commencement of such an equitable suit, survives the death of the debtor; that the debtor's property then passes to the personal representatives charged with this lien; that the assets are subject to it, and that the debts are to be paid out of them, after this lien, like any other

legal lien, has been first satisfied. As respects *equitable inter-ests* and *things in action* the rule appears to be that the lien is fixed by the commencement of the suit. . But as to *chattels liable to execution at law,* the lien is liable to be defeated by the actual seizure of the chattels on an execution in favor of another creditor, before the appointment of a receiver. *Daven-port* v. *Kelly,* 42 N. Y. 193; *Lansing* v. *Easton,* 7 Paige, 364; *Storm* v. *Waddell, supra.*

There was never any appointment of a receiver here. Nor does it distinctly appear whether the money in the executors' hands is the proceeds of equitable interests and things in action, or of chattels subject to execution; though, from the fact of its arising from the sale of personal property made under leave of the court, there might be ground of inference that it was the proceeds of the sale of personal property subject to execution.

But we understand that the lien which a creditor thus acquires by filing a judgment creditor's bill, is only upon the property which the debtor had at the commencement of the suit. In *Eager* v. *Price,* 2 Paige, 333, Chancellor WALWORTH held that by filing a judgment creditor's bill the creditor acquired a specific lien on the property which the debtor had at the commencement of the suit, entitling him to a priority of payment out of that property, but that a supple-mental bill was necessary to obtain a lien upon after acquired property of the debtor; and see *Storm* v. *Waddell, supra.* There is nothing in the statement of facts showing that Gage at the time of the commencement of this suit owned this prop-erty, the proceeds of the sale of which is now in the executors' hands.

His death occurred some time afterward, and the property might have been acquired by him subsequently to the com-mencement of the suit.

If it be taken to be personal property liable to execution at law, there would be some ground to infer that he did not own it at the time this suit was commenced, as otherwise the exe-

cution against him would not have been returned, as it was, wholly unsatisfied.

In such a case as the present, where executors hold a fund under a trust imposed by law to make distribution of it among creditors in the manner prescribed by the statute regulating the distribution of the estates of decedents, we think the complainants, to entitle themselves to have the legal order of distribution reversed in their favor by being preferred in payment, should clearly show their right of priority. They have no priority, we think, under the authorities, unless Gage owned the property mentioned above at the time of the commencement of the suit. That is a fact which does not appear in the case.

Upon this ground, if no other, we are of opinion the decree dismissing the bill as to the executors of the estate of Gage, may be justified.

The order of affirmance by the Appellate Court of the decree of the Superior Court will be affirmed.

*Decree affirmed.*