SWIFT'S IRON & STEEL WORKS *v.* JOHNSEN and others.[1]

(*Circuit Court, E. D. Louisiana.* January 23, 1886.)

CREDITORS' BILL—RIGHTS OF RECEIVER—PRIORITY OF CREDITORS.
  Complainants demand that certain property shall be subjected to the payment of their demand, under the lien acquired by the levy of their writ of *fieri facias,* and by the service of process under their bill. The receiver of the owner, intervening, shows a prior lien, and an assignment by the conceded owner to satisfy prior judgments. *Held,* that under no adjudged case cited, nor under any principle laid down in the text-books, are the complainants entitled to priority on the ground claimed.

In Equity. On demurrer.
*Richard De Gray,* for complainant.
*B. R. Forman,* for intervenor.

PARDEE, J. The complainant's bill in this case, filed April 11, 1885, is a creditors' bill, based on a judgment recovered in this court, April 3, 1885, and a levy of a writ of *fi. fa.* Its object is to subject to said judgment certain real estate said to belong to Johnsen, the judgment debtor, though not standing in his name. In the suit the following bill of intervention has been filed, to-wit:

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

"The petition of Frederick G. Freret, receiver, a citizen of the state of Louisiana, and residing in the city of New Orleans, La., with leave of the court first had and obtained, prays leave to intervene in this suit, and thereupon your petitioner alleges and says that on the twentieth February, 1884, the George F. Blake Manufacturing Company, a corporation established under the laws of Massachusetts, and a citizen of said state, and the Eaton Coal & Burnham Company, a corporation established under the laws of Connecticut, and a citizen of said state, and Spang, Chalfant & Co., a firm composed of Charles H. Fang, Campbell B. Huron, John W. Chalfant, citizens of Pennsylvania, having previously obtained judgment in this honorable court against the said Charles G. Johnsen, and having issued writs of *fieri facias* against the said Charles G. Johnson, which were returned *nulla bona*, filed their creditors' bill on the said twentieth February, 1884, against the said Charles G. Johnsen, their debtor, for the appointment of a receiver and the discovery of assets. That upon a hearing of the said bill and the exhibits on the third of March, 1884, this honorable court appointed your petitioner, Frederick G. Freret, receiver of all the property, equitable interest, things in action, and effects of the defendant, Charles G. Johnsen, or belonging to or in any way appertaining to the said Charles G. Johnsen at the time of the commencement of said action, to-wit, on the twentieth February, 1884, or within one year previous to the sixth December, 1883, and subject to the revocatory action of the Civil Code of Louisiana. That by the said decree your petitioner, the said receiver, was vested with all the rights and powers of a receiver in chancery, and to all the rights, and property, and credits, and things in action, of the said Charles G. Johnsen, the debtor. That thereafter your petitioner filed his bond and qualified as such receiver, which was duly approved, and the final appointment made and signed, by the honorable judge of this court, on the twenty-ninth November, 1884; and pursuant to a decree entered against the said Charles G. Johnsen, on the twenty-third December, 1884, the said Charles G. Johnsen made an assignment of all his property, rights, and credits, and things in action, and delivered the same to the receiver, a few days after the decree of the said court, which deed was passed before the master, A. G. Brice, and registered in the conveyance office. That by virtue of the said decrees of this honorable court, in the suit No. 10,490, entitled the '*George F. Blake Manufacturing Company* v. *Charles G. Johnsen,*' your petitioner became in law and equity vested with all the property, rights, and credits of said Charles G. Johnsen, or in which he had any interest, direct or indirect, on the twentieth February, 1884, and thereby your petitioner became vested with all the property described and referred to in the bill of *Swift's Iron & Steel Works* v. *Charles G. Johnsen,* No. 10,962, for the benefit of the complaining creditors. Whereupon your petitioner prays for leave to intervene in this cause, and that the complainants, through their counsel, be notified hereof, and that the property described in the said bill be, on final hearing and decree, decreed to belong to and to be vested in your petitioner as such receiver of this court, and be ordered to be sold by this receiver for the benefit of the complaining creditors, to-wit, the complainants in the creditors' bill of *The George F. Blake Manufacturing Company and others* versus *Charles G. Johnsen,* No. 10,490; and your petitioner prays and craves leave to refer to and to make a part of this petition the record of said proceedings in suit No. 10,490, entitled '*The George F. Blake Manufacturing Company* versus *Charles G. Johnsen;*' and your petitioner prays for all general and equitable relief in the premises, and will ever pray."

The complainant has demurred and excepted to the said intervention, and the matter has been argued. No question of formality in regard to either the bill of intervention or the demurrer is suggested.

The question submitted to the court is whether, on the facts stated in the bill of intervention, the receiver is entitled to the property described in complainant's bill, or, if sold, to the proceeds thereof. As the property never stood in Johnsen's name, and as none of the judgments referred to appear to have been recorded, there is no pretense of any judgment lien. As in the case of *Miller* v. *Sherry*, 2 Wall. 237, the question to be determined arises wholly out of the chancery proceedings.

The bill filed by the Blake Manufacturing Company and others gave them, from the service of process, a lien—a general lien—upon the effects of Johnsen; and entitled them to a discovery, an injunction, and a receiver. The order of the court appointing a receiver, and the subsequent conveyance of Johnsen to the receiver, in pursuance thereof, vested a complete title in the receiver of all Johnsen's legal and equitable estate, subject only to rights previously acquired. This estate vested in the receiver prior to the judgment of the Swift Iron & Steel Works, and to their creditors' bill to subject specific property of Johnsen to the satisfaction of their judgment. To sustain their right to proceed against specific property as the property of Johnsen, and thus to get preference over the prior title of the receiver, and the lien of complainants under their prior creditors' bill, the complainant's sole reliance is upon the fact that the said specific property is not described in the original creditors' bill, and therefore, as to such property, there is no *lis pendens*.

To sustain this position the case of *Miller* v. *Sherry*, *supra*, is cited, and it sustains counsel as to the necessity of the description of the property in order to constitute *lis pendens*. But it does not seem that the present is any case for the consideration of rights or interest acquired *lis pendens*. There has been no sale of the property, no title has passed, and there is no purchaser with or without notice before the court. The complainants' demand is that certain property shall be subjected to the payment of their demand under the lien acquired by the levy of their *fi. fa.* and by the service of process under their bill. The intervenor shows a prior lien, and an assignment by the conceded owner to satisfy prior judgments. Under no adjudged case cited, nor under any principle laid down in the text-books, are the complainants entitled to priority on the ground claimed.

True, it may be that if the intervenor kept silent, and the complainants had obtained a decree ordering the sale of the property, and under the decree a sale had been made, a purchaser at such sale would not be charged with constructive notice of the proceedings in *Blake Manufacturing Company* v. *Johnsen*, and if he had no actual notice, would have a clear title; and to such effect is the case of *Miller* v. *Sherry, supra.* In that case, which was an action of ejectment on titles derived under creditors' bills, the court says, speaking of the defendant's grantor, the purchaser under decree in the junior creditors' bill:

"His right could not be affected by anything that occurred subsequently. He had no constructive notice of the proceedings in the *Case of Mills & Bliss,* [that is, of the senior creditors' bill.] Had he and his alience actual notice? This also is a material inquiry. We have looked carefully through the record, and find no evidence on the subject. Had the suit below been in equity it would have been necessary for the defendant in error to deny notice to himself or to his grantor. The want of notice to either would have been sufficient. The form of the action rendered a denial necessary."

In this present case there is no question of notice, as the intervention herein is full notice to complainants. There is nothing in the delay of the intervenor to take possession of the property calculated to impair his right. The Swift's Iron & Steel Works do not appear to have been prejudiced by the delay.

The demurrer should be overruled.