30  169
84  609

# D. W. C. Gooding

### v.

## Anna King, Administratrix.

*Creditor's Bill—Lien—Assets in Hands of Receiver—Death of Debtor—Widow's Award.*

1. The filing of a creditor's bill for the purpose of reaching the equitable interest of one of several copartners, the assets of whose firm are in the hands of a receiver, constitutes a lien against such interest, which survives the death of such copartner as against all claiming under him, although no receiver has then been appointed.

2. Uncertainty as to such interest is no bar to a proceeding by creditor's bill.

3. ·A widow's award from the estate of her deceased husband does not ʃet aside a lien thereon acquired by the filing of a creditor's bill prior to his death.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. Dow & Burnham, for appellant.

The statute of Illinois in relation to creditor's bill is copied from the statute of New York. The Illinois courts are presumed to follow the decisions of the New York courts in respect to the practice and proceedings under such bills. Singer & Talcott Stone Co. v. Wheeler, 6 Ill. App. 225.

The statute respecting creditor's bills is only declaratory of the chancery practice prior to the statute.

The judgment creditor who first institutes a suit, obtains a priority over the creditors, in relation to the property and effects of the defendant, which can not be reached by execution at law. 2 Barb. Ch. Pr., 2d Rev. Ed., bottom p. 553; Lyons v. Robins, 46 Ill. 276; First Nat. Bk. v. Gage, 93 Ill. 172; McCalmont v. Lawrence, 1 Blatchf. 232; Albany Bank v. Schemerhorn, 1 Clarke, 297; Boynton v. Ransom, 1 Clarke, 584; Gordon v. Lowell, 21 Me. 251; Lucas v. Atwood, 2 Stewart, 37.

This lien is obtained, not by the return of the execution unsatisfied, but by the commencement of the suit—filing of a creditor's bill founded upon such return of execution at law. Edmeston v. Hyde, 1 Paige, 637; Wakeman v. Grover, 4 Paige, 23; Burrell v. Leslie, 6 Paige, 445; Commack v. Johnson, 1 Green, 163.

The filing of a creditor's bill operates as an attachment of property, effects and equitable interest, which can not be levied on at law. It gives to the vigilant creditor a right to priority in payment. The creditor who files the second bill will have the second lien. Corning v. White, 2 Paige Ch. 568; Milwaukee & Minn. R. R. Co. v. Soutter, 13 Wall. 517.

Upon a creditor's bill, every species of property belonging to the debtor may be reached and applied to the satisfaction of his debts. And his debts, choses in action, and other equitable rights, may be assigned or sold under the decree of the court for that purpose. Edmeston v. Hyde, 1 Paige, 637; Craig v. Howe, 2 Edw. Ch. 554; Weed v. Pierce, 9 Cow. 722; Congden v. Lee, 3 Edw. Ch. 304; Thompson v. Nixon, 3 Edw. Ch. 547; Brewster v. Powers, 10 Paige, 562; Benson v. LeRoy, 4 Johns. 651; Cohen v. Carroll, 5 S. & M. 545; Wagner v. Speck, 3 Ham. 294; Platt v. Judson, 3 Blackf. 235; Demaree v. Driskel, 3 Blackf. 115.

Upon a creditor's bill, the complainant may reach the defendant's interest in the effects of a co-partnership, after payment of partnership debts, and satisfying all prior equities in favor of his co-partners. Eager v. Price, 2 Paige 334; Storm v. Waddell, 2 Sandf. 544, decided by Sandford, Vice Chancellor, in a very able and most elaborate opinion, reviewing a great number of decided cases of both State and Federal courts. This opinion holds that the filing of the creditor's bill, and service of process upon the judgment debtor, creates a lien upon all his property, effects and equitable assets; that the issuance of an injunction is not necessary, although prudential, and when served, prevents the debtor from disposing of his effects; that a receiver is a convenient, but not an indispensable part of the proceeding; that the effects locked up in the hands of the debtor may be decreed to be delivered to the

Gooding v. King.

complainant, or sold by a master and applied in satisfaction of the judgment and costs; that a voluntary assignment of the debtor can not impair the complainant's right, nor can any intervening claim of the creditor; that the right thus acquired by the complainant is a charge upon the things in action which the debtor had at the commencement of the suit; that such a lien is more certain and less liable to be defeated than a lien by attachment; that it is as certain and effectual upon effects and equitable interests discovered as the lien of a judgment or execution, or the lien of a mortgage.

In McDermut v. Strong, 4 Johns. Ch. 987, this right was upheld upon equitable interests. Hadden v. Spader, 20 Johns. 554, is to the same effect. The debtor had things in action in the hands of a third party, and equity required the reduction of them to the payment of the judgment creditor. Weed v. Pierce, 9 Cow. 722, by Ch. Walworth; Wakeman v. Grover, 4 Paige, 23; affirmed in 11 Wend. 187. The same doctrine was again reiterated in Farnham v. Campbell, 10 Paige, 601.

In Weed v. Pierce, Ch. Walworth held that the creditor by his bill acquired a specific lien upon the fund by commencement of his suit.

In Beck v. Burdett, 1 Paige, 305, the chancellor decided that the filing of a bill, after the return of an execution at law, gave to the complainant a specific lien on the fund or property not liable to execution at law.

And to the same effect is the case of Eager v. Price, 2 Paige, 333. In Corning v. White, 2 Paige, 567, the chancellor held that the creditor who first files his bill obtains a preference. The filing of the bill, under the provisions of the statute, operates as an attachment of the property which can not be levied on at law. It gives the vigilant creditor priority in payment, and the creditor who next files his bill will have the second lien. An assignment under the insolvent act, after commencement of the suit, only gives the assignee a right to the surplus, after the payment of the complainant's debt.

In Clarkson v. DePeyster, 3 Paige, 320, the chancellor again speaks of the right under a creditor's bill "as an equitable lien."

The same doctrine is held in Ins. Co. v. Power, 3 Paige, 365, and Bloodgood v. Clark, 4 Paige, 574, and again in Ames v. Blunt, 5 Paige, 13. In Burrell v. Leslie, 6 Paige, 445, eight creditor's bills had been filed at different times against the same judgment debtors, and it was held that these bills created a lien in the order of their respective suits.

The object and purpose of the creditor's bill was to reach the interest of King in the assets of the Montello Granite Co., which were in the hands of a receiver and could not be levied on by execution. This was held proper in Eager v. Price, 2 Paige, 334.

First National Bank v. Gage, 93 Ill. 172, decides that the lien which the judgment creditor obtains by filing his creditor's bill, "survives the death of the judgment debtor; that the debtor's property then passes to the personal representatives, charged with this lien; that the assets are subject to it, and the debts are to be paid out of them after this lien, like any other legal lien, has been satisfied. As respects equitable interest and things in action, the rule appears to be that the lien is fixed by the commencement of the suit."

The lien upon equitable assets, acquired by commencement of an action in the nature of a creditor's bill, is not extinguished by the death of defendant before the appointment of a receiver, but survives against such assets in the hands of the administrator.

Brown v. Nichols, 42 N. Y. 26, holds that Silvester v. Reed, 3 Edw. Ch. 312, and Matthews v. Neilson, 3 Edw. Ch. 346, were wrongly decided. That the doctrine laid down in these cases would subvert the well established rule that a prior equity will prevail against a subsequent legal title as to all except *bona fide* purchasers.

Messrs. C. H. and C. B. WOOD and S. B. KING, for appellees.

GARNETT, P. J. This is a creditor's bill filed June 16, 1883, by appellant against Claude B. King, Anna King, his wife, and

Homer N. Hibbard, receiver of the Montello Granite Company, based on a judgment recovered at the April term, 1883, of the Superior Court of Cook county, in favor of appellant and against said Claude B. King, for $1,076 and costs. Execution was issued and duly returned unsatisfied. The Montello Granite Company was the style of a copartnership composed of Claude B. King and James H. Anderson. In a suit to wind up the affairs of that firm, the Superior Court, on the 18th day of October, 1882, appointed H. N. Hibbard receiver of the firm assets. At the time the bill in this case was filed, the receiver was proceeding with the duties of his office, and was in possession of the partnership effects. The purpose of the creditor's bill was to reach King's interest in the firm assets (whatever it might appear to be on final adjustment), and other equitable assets, for the payment of said judgment. The receiver was made a defendant to the creditor's bill without leave of the Superior Court. He demurred to the bill and his demurrer was sustained October 18, 1883. King and wife answered, admitting the copartnership, and stating, among other things, that Claude B. King had no property or interest in any, except his interest as copartner in the assets of the Montello Granite Company in the hands of said receiver. Replication to the answer was filed October 25, 1883. On November 11, 1884, Claude B. King died, leaving his wife surviving. His death was suggested of record May 25, 1885. His wife having been appointed administratrix of his estate by the Probate Court of Cook county, filed her answer as administratrix on July 8, 1885, stating the death of her husband, and her appointment and qualification as administratrix; that the deceased left no estate except that involved in the litigation with his partner, Anderson; that all of said property is in the custody of the law in the hands of a receiver; that it was probable that said estate will be insolvent and that there would not be more property than enough to pay preferred claims. By her supplemental answer, filed March 12, 1888, she states that the whole personal estate of said Claude B. King had been appraised and the appraisal approved by the Probate Court of Cook county, at $277; that the estate is insolvent; that her

widow's award had been fixed at $1,975, which she claims
should be allowed to her out of any funds in the receiver's
hands coming to the estate, in preference to the claim of
appellant. On the 6th of November, 1885, the receiver was
made a party defendant to the bill by leave of the court and
filed his answer November 17, 1885, alleging in substance that
he was unable to determine the amount of King's interest in
the assets of the Montello Granite Company. Replications
were filed to the answers. It appeared on the hearing that
the amount in the receiver's hands, coming to King's estate, is
something over $1,500 and that the widow's award had been
fixed at $1,975. The court below dismissed the bill for want
of equity.

The general rule is that the filing of a creditor's bill, and
service of process, creates a lien on the equitable assets of the
judgment debtor. It has been aptly termed an "equitable
levy." Wait on Fraud. Con., Sec. 68; 2 Wait's Actions
and Defences, 428; First Nat. Bank v. Gage, 93 Ill. 172;
Lynch v. Johnson, 48 N. Y. 27; Miller v. Sherry, 2 Wall.
237; Adist v. Butler, 87 N. Y. 585.

In the case at bar no injunction was issued or receiver
appointed. Was either necessary to make the "equitable
levy" perfect? In Storm v. Waddell, 2 Sandf., Ch. 494, the
court (p. 582) emphasizes the point that "the lien was acquired
*by the commencement of the suit*, and not by the order for a
receiver or his appointment;" and on pages 564, 565, it is said:
"*Without regard to the injunction*, the property of the
defendant is subjected to the suit, wherever it may be, if the
receiver can lay hold of it, *or the complainant can reach it by
the decree. * * * A receiver is a convenient but not
indispensable part of the proceeding.* No voluntary assign-
ment of the debtor can impair the complainant's right, nor any
intervening claim of other creditors. I speak in this outline
of equitable interests and things in action." In Roberts v.
Albany & W. S. R. R. Co., 25 Barb. 662, the court said:
"As soon as the judgment creditor's suit was instituted, the
plaintiff in that suit obtained a lien on all the choses in action
of Rutter. All the title he had was subject to that lien; all
that he could pass was subject to it. When the receiver was

appointed (whether Rutter assigned to him or not) he acquired the title to those choses in action which Rutter had when the action was commenced. In contemplation of law the title vested in the court when the action was commenced, and passed, as from that date, to the receiver."

In Brown v. Nichols, 42 N. Y. 26, it was held that the lien upon equitable assets acquired by the commencement of an action in the nature of a creditor's bill, is not extinguished by the death of defendant before the appointment of a receiver, but survives against such assets in the hands of the administrator.

The Supreme Court of this State, in First National Bank v. Gage, *supra*, cite the cases of Storm v. Waddell and Brown v. Nichols with approval and state the law to be that the filing of a creditor's bill, or at least the service of process, gives the complainant a lien upon the property of the judgment debtor, by placing it under the control of the court, which will not suffer it to be withdrawn so as to defeat the object of the bill by any subsequent act or title. " As respects equitable interests and things in action, the rule appears to be that the lien is fixed by the commencement of the suit." p. 175.

Admitting that the receiver must be considered as no party to the suit at or before the death of King, still the situation is not changed. King had an equitable interest in the fund sought to be reached, and as he was a party to the suit the lien survived his death and holds good against all claiming under him. A decree against him would have been valid against his administratrix, although the receiver was not a party. Bennitt v. Star Mining Co., 119 Ill. 9.

That the interest of King in the firm assets was uncertain at the time the creditor's bill was filed is no barrier to complainant's suit. Otherwise any undivided equitable interest whose amount or value can not be ascertained except upon an accounting or reduction of the fund to money, is secure against the attack of creditors.

The widow's claim to her award is against the estate of her deceased husband. Sec. 70, 75, Chap. 3, Rev. Stat. If there

is no estate she has nothing to rely on for the payment of the award. If the estate is incumbered by a valid lien, the award does not set aside the lien. She only has a claim on so much as may be left after satisfying the lien. In this case there is no estate to pay the widow's award until the lien acquired by the creditor's bill is discharged.

The receiver is a *quasi* trustee, holding the fund for the benefit of whoever may eventually establish title thereto. High on Receivers, Sec. 1. If, therefore, a creditor's bill can only be maintained in cases of fraud and trust, as contended by appellee, the facts of this case are such that the jurisdiction attaches.

The question of superior diligence only arises between creditors contending for priority of lien and has no application here. The publicity with which a debtor's estate is surrounded by a trust which defies all the assaults of the ordinary process of law, can not be relied on as a protection against the equitable remedy of a creditor's bill.

The decree of the Superior Court is reversed and the cause remanded with directions to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*