[No. 478.   January 3, 1893.]

## HENRY HUNEKE, APPELLANT, v. MARY DOLD, APPELLEE.

JUDGMENT CREDITOR—BILL AGAINST HEIR TO SUBJECT LAND TO PAYMENT OF JUDGMENT AGAINST ADMINISTRATOR.—A suit in equity by a judgment creditor of an administrator, in the nature of a creditor's bill, will not lie against an heir of the intestate to subject to the payment of the judgment land of which the intestate died seized. Judgments against administrators, even as such, are not liens on real estate, and can be satisfied out of the lands of the deceased only by application to the court directing the administrator to sell real estate.  Comp. Laws, sec. 2228.

ID.—NECESSARY PARTIES.—In such suit where it was charged in the bill that the administrator of the decedent fraudulently caused to be conveyed to defendant certain land, the legal title to which was in a third person at the time of decedent's death, and which the plaintiff was seeking to subject to the payment of his judgment, the administrator, such third person and all legal heirs were necessary parties to the suit.

APPEAL, from an order sustaining a motion to quash the process and service, from the Fourth Judicial District Court, San Miguel County.   Remanded, with leave to complainant to amend.

The facts are stated in the opinion of the court.

JOHN D. W. VEEDER for appellant.

"The real estate of a decedent shall pass directly the heirs, and not to the executor or administrator." Laws, N. M. 1889, sec. 24.   See, also, Chavez v. Perea, 3 N. M. (Gil.) 89; 1 Story's Eq. Jur. [10 Ed.], secs. 551, 552.

An action, like the present, in aid of an execution at law, is ancillary to the original suit, and is in effect a continuance of the suit at law. Hatch v. Dow, 4 McLean, 112; Winter v. Swinburne, 8 Fed. Rep. 49; Hatfield v. Bushnell, 1 Blatchf. 393; Jones v. Andrews, 10 Wall. 327, 333; 3 Pom. Eq., sec. 1415.

The authority given by statute to an executor or administrator to sell real estate for the payment of debts is a personal trust and must not only be strictly pursued, but strictly construed. Ventress v. Smith, 10 Pet. (U. S.) 161, 175.

It is not enough that there should be a remedy at law; it must be plain and adequate. Boyce's Ex'rs v. Grundy, 3 Pet. (U. S.) 210.

The jurisdiction of equity is concurrent with that of the probate court. 1 Story, Eq. Jur., secs. 542, 543; 3 Pom. Eq. Jur., sec. 1153; Hawes, Jur. of Courts, secs. 39, 47; Rosenberg v. Frank, 58 Cal. 387; Delafield v. State of Illinois, 2 Hill, 159; Offutt v. King, 1 MacArthur, 312; U. S. v. Meyers, 15 Meyers, Fed. Dec., sec. 938; Smythe v. Henry, 41 Fed. Rep. 705, 710.

The court acquired jurisdiction of the person of defendant by service of process by publication. Comp. Laws, 1884, secs. 1899, 1901; Cooley, Const. Lim. [3 Ed.] 403, 404; Galpin v. Page, 3 Sawy. 93; Neff v. Pennoyer, Id. 275; Pennoyer v. Neff, 95 U. S. 714.

As to sources of jurisdiction over nonresident defendant see Boswell's Lessee v. Otis, 9 How. (U. S.) 336; Galpin v. Page, 3 Sawy. 93, 126; Edgell v. Haywood, 3 Adkins, 352, 356; Scott v. McMillan, 13 Am. Dec. 239; Eager et al. v. Price et al., 2 Paige, Ch. 333, 338; Edmeston & Riddle, Ex'rs, v. Lyde & Walton, 1 Paige, Ch. 637; Beck v. Burdett, Id. 306; Goodman v. Niblack, 102 U. S. 556; Dorsey v. Dorsey, 96 Am. Dec. 633; Storm v. Waddell, 1 Sandf. Ch. 494; 2 Kent, Com. 561; Shainwald v. Lewis, 6 Fed. Rep.

766; Brown v. Nichols, 42 N. Y. 26; Lynch v. Johnson, 48 Id. 27; Freedman's Sav. and Trust Co. v. Earle, 110 U. S. 710; Day v. Washburn, 24 How. 352; Matter of the Empire City Bank, 18 N. Y. 199.

The court acquired jurisdiction over the subject-matter of the controversy. Laws, N. M. 1889, sec. 1410; Comp. Laws, 1884, sec. 1444.

As to matter of equitable cognizance, see Wilson v. Fielding, 2 Vernon, 763; Freedman's Sav. and Trust Co. v. Earle, 110 U. S. 718, 719.

As to right of creditor of deceased debtor to proceed in chancery against nonresident heirs by publication to subject land described to payment of decedent's debt. Carrington v. Didier, 8 Gratt. (Va.) 260, cited in 2 Wait's Actions and Defenses, 427.

A. A. JONES for appellee.

The district court had no jurisdiction to subject the real estate vested in appellee by inheritance to the payment of appellant's claim. 5 Am. and Eng. Encyclopedia, pp. 262, 264; 3 Black. Com. 430; 4 Kent, Com. 480; Hayes et al. v. Jackson, 6 Mass. 151; 1 Pom. Eq., sec. 53; Springfield v. Hurt, 15 Fed. Rep. 308; Moline, etc., Co. v. Webster, 26 Ill. 239; Porter v. Kortrecht, 54 Miss. 67; 5 Am. and Eng. Encyclopedia, 258, 276, 290; Pryor v. Darney, 50 Cal. 388.

The court below had no jurisdiction to subject the real estate conveyed to appellee by M. Romero, as mortgagor, in the manner described in the bill of complaint, to the payment of appellant's claim against the decedents. Smith, Ex'r, v. Chapman, Ex'r, 93 U. S. 41; Talbott v. Randall, 3 N. M. (Gil.) 367; Custer v. Custer, 17 W. Va. 113; Cook v. Ryan, 29 Hun, 249; Flynn v. Morgan, 55 Conn. 130; Williams v. Green, 80 N. C. 76. See, also, Alsop v. Mather, 21 Am. Dec. 704 (8 Conn. 584); Allen et al. v. Irwin, 1 Serg. & R. 549, 554; Williams on Executors, 443, note 1; Id., 4

Am. Ed. 783, note 1; Wernick's Adm'rs v. McMurdo, 5 Rand. 51; Hagthorp v. Hook, 1 Gil. & J. 270.

The return of nulla bona is evidence of nothing, except that Felix Martinez, administrator de bonis non, has been guilty of a devastavit. If so, appellant's remedy was a proceeding at law against the administrators for the commission of such devastavit. See cases cited supra, and Merritt v. Merritt, 62 Mo. 151; Turner v. Ellis, 24 Miss. 173–179; Wood v. Stone, 16 Ill. 177; 5 Am. and Eng. Encyclopedia, 271.

The defendant being a nonresident, the court had no jurisdiction to render any kind of a judgment. Pennoyer v. Neff, 95 U. S. 726–733; Webster v. Reid, 11 How. 459; Cooper v. Smith, 25 Iowa, 270. See, also, Freeman on Judg., sec. 611; Stillman v. Young, 16 Ill. 327; 2 Wait, Act. and Def. 428; Storm v. Waddell, 2 Sandf. Ch. 494; Winter v. Ballou, 1 Johns. Ch. 566; Carrington's Heirs v. Brent et al., 1 McLean, 167; Comp. Laws, 1884, secs. 1853, 1854; Webster v. Reid, 11 How. 459; Cooper v. Smith, 25 Iowa, 270.

The suit against Henry Dold as administrator was brought more than two years after his appointment, and the judgment against him as such did not in any way affect the estate in his hands. Comp. Laws, 1884, sec. 2225; Brown et al. v. Anderson, Adm'r, 13 Mass. 202; 5 Am. and Eng. Encyclopedia, p. 274, note; Goodkin v. Sanborn, 3 N. H. 491; Dawes v. Shed, 15 Mass. 8; Thompson v. Brown, 16 Mass. 179; Angell on Lim., sec. 170; 13 Am. and Eng. Encyclopedia, p. 708, note; Littlefield v. Eaton, 74 Me. 516; Wood on Lim. [1 Ed.], sec. 188, p. 389, note 5.

The filing of the motion in the court below was the proper method of determining whether the court had jurisdiction or not. 12 Am. and Eng. Encyclopedia, 309; Watterman v. Tittle, 18 Ill. 292; Nafo v. Cragin, 3 Dill. 476; Nead v. Sherwood, 4 Redf. (N. Y.) 352; Jones v. Andrews, 10 Wall. 327.

LEE, J.—This is a suit in equity brought by a judgment creditor of decedent's administrator against one of their heirs, a nonresident of the territory, to subject the real estate in the territory, which such heir inherited from the decedents, to the payment of their (decedents') debt.

The bill of complaint, which is sworn to, is in the nature of a creditor's bill. It recites that decedents, at the time of their death, were indebted to complainant; that in December, 1884, an administrator was appointed by the probate court of San Miguel county; that said administrator failed to pay complainant's claim, he instituted suit against him in the district court of San Miguel county, at the March term, 1887, and recovered judgment for the amount of said claim, with interest and costs; that the said administrator then promised to pay the said judgment, but failed to do so, and in November, 1887, resigned his trust as administrator, and an administrator de bonis non was appointed by the probate court to succeed him; that in April, 1890, the said judgment still remaining unpaid, complainant, by proceedings of scire facias in the district court of San Miguel county, revived the same against the administrator de bonis non, and judgment was then and there rendered against the said administrator de bonis non, by default, for the amount of said judgment; that on April 26, 1890, complainant sued out an execution on his said judgment, and placed the same in the hands of the sheriff of San Miguel county, which, after being duly served as required by law, was returned nulla bona; and that the personal estate of decedents is wholly exhausted, leaving said judgment still in force, and wholly unpaid. The bill of complaint further recites that decedents, at the time of their death, were lawfully seized, in fee simple, of certain specific real estate in the county of San Miguel and territory of New Mexico, and gives a full and complete description of

the same; that all of said real estate, since the death of decedents, became, by descent, the property of their three sole heirs,—one of them the defendant to this bill; that prior to the bringing of the present action the separate interests of the other two heirs in all of said real estate had passed by involuntary alienation into the hands of innocent purchasers, and beyond the reach of decedents' creditors; and that the interest of the defendant, which is an undivided one third part of all said real estate, is now all that remains in the hands of said heirs, or any or either of them, to be subjected to the payment of complainant's judgment. The bill of complaint further recites that one specific piece of real estate, which is also fully described, was by one of the decedents, prior to his death, sold and disposed of, and a mortgage upon it taken back for a large part of the purchase money; and that after his death, the mortgage debt still remaining due and unpaid, it was agreed between such grantee and mortgagor in said mortgage, and the administrator, to take a conveyance of said real estate in satisfaction of the mortgage debt, and that the said administrator, in pursuance of such agreement, and contrary to law, authorized and directed such reconveyance to be made to, and in favor of, the defendant; and that such real estate thereby became, and is claimed by defendant to be, her sole and separate property, and she refuses to allow the same to be applied to the payment of complainant's judgment. The bill of complaint also recites that a lis pendens was duly filed in the probate court of San Miguel county, as required by law, against all of said real estate. Then follows the prayer of the bill, for an accounting of the amount due complainant under said judgment; the establishment of a lien against all real estate descended to defendant, and particularly against that portion fraudulently conveyed to her in satisfaction of the mortgage debt due decedents' administrator, to

the full amount found due upon such accounting; and
that defendant be decreed to pay the full amount so
ascertained, and, upon her failing to do so, her interest
in all the lands and premises so descended, or so much
thereof as may be necessary, be sold under a decree of
the court for the satisfaction of the same.  An affidavit
showing defendant to be a nonresident of the territory
was filed with the bill of complaint, and upon this the
clerk published the usual notice to the defendant of the
pendency of said cause, and service upon defendant
was thereupon obtained by publication.  At the term
of court to which said process was made returnable,
defendant appeared by her solicitors, but whether gen-
erally or specially the record does not clearly disclose,
and moved to quash the process and service of process,
and dismiss the proceeding, for the reason that the
court had no jurisdiction of the defendant or subject-
matter; that the complainant had no lien upon the real
estate of the defendant; that the cause of action set up
in said bill was a personal one, and no personal service
of process had been made on defendant; and that a
court of equity had no jurisdiction to grant the relief
prayed for in the bill of complaint.  This motion after
argument was sustained by the court, and the proceed-
ing dismissed, and an order entered to that effect.  Com-
plainant thereupon appealed from such order, and it is
that which this court is now asked to review.

This court has held that the equity jurisdiction
conferred upon it by the general government is the
same as the high court of chancery of England pos-
sesses, and is subject to neither limitation
nor restraint by state legislation.  "The
court is bound to exercise the jurisdiction,
if the bill, according to the received prin-
ciples of equity, states a case for equity relief.  The
absence of a complete and adequate remedy at law is

JUDGMENT cred-
itor: bill against
heir to subject
land to judgment
against adminis-
trator.

the only test of equity jurisdiction." Garcia y Perea
v. Barela, 6 N. M. 239. The power applicable to
this case has been defined by the supreme court
of the United States to be as follows: "The rule
requiring the existence of special circumstances, bring-
ing the case under some recognized head of equity
jurisdiction, should not only be insisted upon with
vigor, whenever the property sought to be reached con-
stitutes, as here, assets of a deceased debtor, which
have already been subjected to administration and dis-
tribution; but some satisfactory excuse should be given
for the failure of the creditor to present his claim, in
the mode prescribed by law, to the representative of the
estate, before distribution. Williams v. Gibbes, 17
How. 239, 254, 255 (58 U. S. XV, 135, 140); Pharis v.
Leachman, 20 Ala. 662." "In England the courts of
chancery took jurisdiction of bills against executors
and administrators for discovery and account of assets,
and to reach property applicable to the payment of the
debts of deceased persons, not merely from their general
authority over trustees and trusts, but from the im-
perfect and defective power of the ecclesiastical courts.
It was sufficient that a debt existed against the
estate of the decedent, and that there was property
which should be applied to its payment, to justify the
interposition of the court; but, when a distribution of
the funds had been made, another creditor could not
ask for a return of the moneys from the distributees,
or for a proportionate part, if he had received notice of
the original proceedings, and had been guilty of lax or
unreasonable neglect. Sawyer v. Birchmore, 1 Keen,
391." "In this country, there are special courts estab-
lished in all the states, having jurisdiction over estates
of deceased persons, called 'probate courts,' 'orphans'
courts,' or 'surrogate courts,' possessing, with respect
to personal assets, nearly all the powers formerly exer-

cised by the court of chancery and the ecclesiastical courts in England. They are authorized to collect the assets of the deceased; to allow claims; to direct their payment, and the distribution of the property to legatees or other parties entitled; and, generally, to do everything essential to the final settlement of the affairs of the deceased, and the claims of the creditors against his estate.'' Unless special reasons are set forth in the bill, creditors must first comply with all the requirements of the statutes for the collection of their claims, and exhaust their remedy at law, before resorting to equity. Sections 2228 and 2229 of the Compiled Laws, provide as follows: "2228. Whenever, after inventory and appraisement therein as herein provided, it shall appear that the personal estate of any decedent is insufficient to discharge the just debts allowed against his or her estate, and the legacies charged thereon, resort may be had to the real estate, and the same may be sold, mortgaged, or leased by the executor or administrator, in cases where power to that end is contained in the will, or otherwise upon the order of the court, as follows, to wit: 2229. The executor or administrator shall present to the district court of the county in which letters testamentary or administration were issued his petition, setting forth the amount and value of the personal estate according to the inventory and appraisement thereof, and if sale has been made of such personal estate, the amount received from such sale; the amount of debts and claims allowed against the estate, and the amount still existing and not allowed, so far as the same may be known; the amount of legacies, if any, for the payment of which resort must be had to the real estate; and describing particularly the whole of the real estate whereof the decedent died seized, or in or to which he or she, at the time of his or her decease, had any interest, claim, or right; the nature of his or her claim, right, or title; the nature

and value of the several parcels of such real estate, respectively; and, if the same or any thereof is incumbered, the nature and amount of such incumbrance, —and pray the aid of the court in the premises. To such petition the widow or husband and heir at law of such decedent, and the devisees of such real estate, if the same or any thereof be devised in the will of the decedent, and the guardians of such of them as may be minors, shall be made defendants.''

Real estate of decedents, in this territory, descends to the heir; and whether it could or could not be reached by a creditor's bill, under the rules of the common law, it is not necessary for us to determine. The legislature of the territory has provided in the foregoing sections that it may be done, and the mode of doing it, and the means that shall be adopted in its enforcement. It was clearly in the power of the legislature to prescribe the proceedings by which courts should be governed in cases of that kind, and it has been so held by the supreme court of the United States. In the case of Hornbuckle v. Toombs, 18 Wall. 656, it has said ''that the practice, pleadings, and forms, and modes of proceeding of the territorial courts, as well as their respective jurisdiction, subject, as before said, to a few express or implied conditions in the organic act, were intended to be left to the legislative action of the territorial assemblies.'' The act does not circumscribe or limit the power of the court, but opens up a remedy to a creditor, by which he may be able to reach, as a security for his debt, the real estate of his deceased debtor in the heirs, — a remedy which, if it existed before, was of doubtful authority. The act requires to be brought before the court all the parties who may be interested in the proceedings, and such showing as to the condition and circumstances of the estate, and its administration, as will enable the court to adjust and determine the rights of all parties ac-

cording to the rules of equity. This suit was not brought under the provisions of the above act, but under the general rules of equity by which a creditor's bill may be sustained. A creditor's bill, in American practice, is a proceeding to enforce the security of a judgment creditor against the property or interest of his debtor. The action proceeds upon the theory that the judgment is in the nature of a lien such as may been enforced in equity, or by means of which a party seeks to remove a fraudulent conveyance out of the way of his execution. The lien has been defined by the supreme court of the United States as follows: "The filing of a creditor's bill, and the service of process, creates a lien in equity upon the effects of the judgment debtor. It has been aptly termed 'an equitable levy.'" Miller v. Sherry, 2 Wall. 248. The judgment in this case, as set forth in the bill, is against an administrator. Administrators are not invested with title to the real estate of their intestates. Judgments against them, even in their official capacities, are not liens on real estate. Such judgments can be satisfied out of the lands of the deceased only in the same manner in which satisfaction of other demands may be procured,—by an application to the court directing the administrator to sell real estate. On this application the judgment is neither entitled to be treated as a lien, nor as conclusive evidence of the debt. Guided by these considerations, the court of chancery will protect the equitable right of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor had in the estate at the time the judgment was rendered. Freeman, Judgments, sections 357, 358. This suit is not against a judgment debtor. Therefore the filing of the bill and the service of process would not create a lien against the property of the judgment debtor. It, therefore, lacks the essential requirements of a creditor's bill.

It is charged in the bill that the decedents, during their lifetime, conveyed certain specific parcels of real estate to one M. Romero, in part payment of which he gave a mortgage; that after the death of the decedents, Henry Dold, their administrator, procured a deed, in settlement of the mortgage from M. Romero, to the defendant; that the conveyances then made were in violation of the rights of the complainant; that they be set aside, and the lands thus conveyed be decreed subject to be sold to pay his debts. Neither Henry Dold nor M. Romero are made parties to the suit. In Gaylords v. Kelshaw et al., 1 Wall. 81, it is held: "In a bill to set aside a conveyance as made without consideration, and in fraud of creditors, the alleged fraudulent .grantor is a necessary defendant in the bill." Also, in Miller v. Sherry, 2 Wall. 250, where there was a lis pendens set up, as in this case, the court said: "There is another reason why the bill could not operate as a constructive notice. Williams, who held the legal title, was not a party. We apprehend that, to affect a purchaser pendente lite, it is necessary to show the holder of the legal title was impleaded before the purchase which is to be set aside." Further on the court says: "It was gross irregularity to take a decree against Miller without Williams being before the court, and if the attention of the court had been called to the subject the amended bill must have been dismissed. The decree against Miller, as to the premises in controversy, is a legal anomaly." The case as made by the bill under consideration is open to the same objection. M. Romero, the alleged fraudulent grantor, was the holder of the legal title at the time of the death of Andres Dold, the original debtor, and would be a necessary party in a proceeding to reach the real estate conveyed by him to the defendant; and to bring the case within the requirements of a creditor's bill, so as to subject the real estate

*Margin note:* CREDITOR'S bill: necessary parties.

of the decedent debtor to be sold to pay the debts of the estate, it would be necessary that the administrator of the estate be a party thereto,—as well, also, the legal heirs. While the courts of chancery in this territory hold supervisory jurisdiction over the administration of estates, which power they have derived from general ˙equity jurisdiction, yet it will be exercised only in accordance with the requirements and provisions of the statutes, when they are plain, adequate, and sufficient. Therefore, in a bill by a creditor, in the nature of a creditor's bill to sell the real estate of a deceased person, it is necessary to set forth and comply with the essential requirements of the statute for the sale of real estate by administrators for the payment of debts of the estate. Under the circumstances and facts as set forth in the bill of complaint in this case, this court is of opinion that the bill should have been amended in accordance with the view herein expressed. The case will be remanded to the court below, with leave to the plaintiff to amend his bill generally, and, if he fails to do so, that it shall be dismissed without prejudice.

SEEDS, FREEMAN, and McFIE, JJ., concur.