84    607
97   ¹581

# William R. Burleigh v. William Keck and James Johnson, Receiver.

1. RENTS AND PROFITS—*As Between a Holder of a Second Mortgage and the Assignee of the Equity of Redemption.*—Where there is no deficiency in satisfying a first mortgage in a foreclosure proceeding, and the holder of a second mortgage does not intervene until after the expiration of the term at which the decree of foreclosure is entered by answer, cross-bill or petition to obtain the foreclosure of his mortgage, but simply claims a junior right to share in distribution, as between him and the assignee of the equity of redemption, the latter is entitled to the rents and profits of the mortgaged premises collected by the receiver.

2. EQUITY PRACTICE—*Power of the Court in Foreclosure Proceedings after the Close of the Term.*—After a term of court at which a final decree in foreclosure is entered and no deficiency decree has been obtained or sought by any one, the court has no power in the same proceeding to reach the rents and profits during the period of redemption, for the purpose of applying them on a second mortgage upon which no relief had been sought or obtained.

3. RECEIVERS—*As Quasi Trustees.*—A receiver is a *quasi* trustee, holding the fund for the benefit of whomsoever may eventually establish title thereto.

4. SAME—*Effect of an Order to Take Charge of the Funds on the Parties.*—The mere entry of an order directing a receiver to take charge of funds, in no way affects the right of parties to the controversy to assert their claims to such funds thereafter.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded, with directions. Opinion filed October 19, 1899.

Statement.—The appeal here is from an order approving the report of a receiver in a foreclosure suit and making final disposition of the funds in his hands as receiver.

The holder of mortgage notes brought suit to foreclose. Appellee Keck was made a party defendant, as owner of a second mortgage. Keck filed answer, setting up his second mortgage claim and asking " that out of the proceeds of any sale of said premises, after paying the amount found to be due the complainant herein, this defendant be next

paid whatever sum shall appear to be due him upon taking an accounting herein, together with his costs in this proceeding, and the further sum of $25 as his solicitor's fee." He filed no cross-bill to foreclose his mortgage and asked no relief by his answer save this participation in the distribution. The complainant obtained a decree adjudging his mortgage a first lien and ordering sale. The master in chancery reported sale, and, after disbursement, no deficiency upon first mortgage claim, and no surplus to apply on second mortgage. The owner of the equity of redemption was one Pichereau, and appellant, Burleigh, is the assignee of his right to the rents and profits during the period of redemption.

After the expiration of the term of the Superior Court, at which the master's report of sale had been confirmed, appellee Keck filed a petition in the suit asking for the appointment of a receiver to collect rents and profits during the period of redemption. Appellant, Burleigh, opposed the appointment, and an order appointing a receiver having been entered upon Keck's petition, Burleigh prayed an appeal, which he failed to prosecute and which was dismissed.

The receiver collected the rents and profits during the period of redemption, and thereafter filed his report of funds in his hands. The court ordered these funds paid over to appellee Keck. From this order, thus finally disposing of these funds, Burleigh prosecutes this appeal.

WILLIAM R. BURLEIGH, attorney *pro se.*

MANCHA BRUGGEMEYER, attorney for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

But two questions are presented. First, as to whether Keck, the owner of the second mortgage, or Burleigh, the assignee of the rights of the owner of the equity of redemption, was entitled to the rents and profits of the land during the period of redemption; and, second, whether Burleigh,

having failed to prosecute his appeal from the order appointing the receiver, can now maintain this appeal from the order disposing of the funds collected by the receiver.

As to each question, we think that the contention of appellant must be sustained. There having been no deficiency in satisfying the claim of the mortgagee who filed the bill to foreclose, and appellee Keck not having intervened until after the expiration of the term of the final decree in the foreclosure suit, by answer, cross-bill or petition, to obtain the foreclosure of his mortgage, but having simply claimed a junior right to share in distribution, it would seem that, under all the authorities, appellant, as assignee of the rights of the owner of the equity of redemption, was entitled to the rents and profits of the mortgaged premises collected by the receiver. Davis v. Dale, 150 Ill. 239, affirming Dale v. Davis, 51 Ill. App. 328.

The term of court had passed at which the final decree in the foreclosure suit was entered. No deficiency decree had been obtained or sought by any one. The court had no power thereafter in that proceeding to reach these rents and profits during the period of redemption, for the purpose of applying them on a mortgage upon which no relief had been sought or obtained. Lilly v. Shaw, 59 Ill. 72; Hurd v. Goodrich, 59 Ill. 450; Adams v. Gill, 158 Ill. 190.

Nor do we look upon the failure of appellant Burleigh to prosecute his appeal from the order appointing the receiver as in any way affecting his present right to assert claim to funds collected by the receiver.

In Dale v. Davis, *supra*, this court, speaking through Mr. Presiding Justice Shepard, said : "The fact that the receiver was permitted to hold possession did not alter the rights of the owner of the equity of redemption. The possession of the receiver must be conceded as for the benefit of him whose right to the premises existed," etc.

"The receiver is a *quasi* trustee, holding the fund for the benefit of whoever may eventually establish title thereto." Gooding v. King, 30 Ill. App. 169; King v. Gooding, 130 Ill. 102; High on Receivers, Sec. 1.

The mere entry of an order directing the receiver to take charge of the funds in no way affects the rights of parties to assert their claim to such funds thereafter.

The order is reversed and the cause is remanded, with directions to enter an order that the receiver pay over to appellant, Burleigh, the funds in his hands, less such amounts as may be allowed him as receiver for expenditures and attorney's fees. Reversed and remanded, with directions.