THOMAS McGHEE *et al.*, Appellants, *v.* JOHN WRIGHT, Appellee.

APPEAL FROM STEPHENSON.

Equity will set aside a patent in the hands of parties having notice, which was granted against the rights of a pre-emptor holding a junior patent.

The right of pre-emption, which has been adjudicated by the proper authorities, is final, and will not be inquired into.

ON the 29th day of July, A. D. 1852, John Wright filed, in the Stephenson county Circuit Court, his bill of complaint against Thomas McGhee, stating, that on the 5th day of February, Wright had made a settlement on the west half of the south-east quarter of section twelve, township twenty-seven, range seven east, in Stephenson county. That said settlement was made in conformity with the act of Congress of 4th September, A. D. 1841, entitled " An act to appropriate the proceeds of the sales of public lands, and to grant preëmption rights." That within thirty days after said settlement, to wit: on the 14th day of February, 1846, he filed with the register of the land office at Dixon, a notice of his intention to claim said land as a preëmption under the provisions of said act of

Congress. That within one year from the date of said settlement, he made application at the land office at Dixon, to prove up his preëmption. That he deposited the purchase money for said land " *in said land office,*" and made the necessary proofs to entitle him to his preëmption right. That said right of preemption " now duly decided in his favor," the land had been entered in his name, and a patent had issued therefor to said Wright.

The bill further shows, that on the 10th day of February, 1846, Thomas McGhee, a defendant below, entered said land at private sale. That on the 1st day of July, A. D. 1847, said McGhee procured a patent from the Government of the United States for said land under his said entry. That at the date of the issue of the patent to McGhee, Wright had perfected his right to a conveyance of the title for said land to himself, and that, in equity, the United States had no title to convey to said McGhee, and that the patent had erroneously issued to McGhee through mistake. That, by reason of the wrongful issuing of said patent to McGhee, he, Wright, had been hindered from obtaining his patent, and that he did not procure his patent until January 20th, 1852. That previous to the issue of the patent to Wright, the entry of McGhee had been cancelled " as made in fraud of Wright's preëmption." That McGhee had been in possession of the land ever since the date of his patent, and was still in possession.

The bill prays that the patent issued to McGhee may be " set aside, cancelled and wholly vacated," and be delivered up to the officers of the court, and that he may have such other and further relief, etc.

The oath of defendant to his answer was waived.

McGhee filed his answer, in which he denied all the rights and equities of the said Wright, and admitted the entry, issuing of the patent and possession of McGhee.

Wright filed a general replication to McGhee's answer.

On the 1st day of December, A. D. 1853, Wright filed his supplemental bill, in which, after recapitulating the statements in the original bill, he states, that after the filing of the original bill, McGhee had sold the land in question to Thomas J. Turner; that Turner had notice of the suit pending between said Wright and McGhee, and the nature of the controversy; that he was the solicitor for said McGhee in said suit.

On the 30th day of January, A. D. 1854, Turner answered, confessing that he was the solicitor of McGhee; that he knew of the pendency of the suit, and the nature of the controversy; that he had purchased the land from McGhee, as charged in said supplemental bill.

The cause was heard at the April term, A. D. 1854, SHELDON, Judge, presiding.

The court rendered a decree, annulling the title of McGhee and Turner, requiring them to release all their right and title to said Wright, and surrender up the patent, and give possession of the premises within sixty days, and pay the costs of suit, to the rendering of which the defendant excepted.

T. J. TURNER, for Appellants.

J. MARSH, for Appellee.

SCATES, C. J.   It would look like an idle ceremony for courts, or other legal tribunals, to sit, hear and adjudicate upon, and determine the rights of parties, if they can afterwards have no remedy to recover or enforce those rights.   McGhee having entered the land before Wright's preëmption was allowed, and having also obtained the oldest patent, if the eldest entry and patent are good in ejectment at law against Wright's junior entry and patent, although founded upon a preëmption, it would be of very little benefit to Wright to have his claim allowed, unless a court of equity will interfere, and compel McGhee and those claiming under him, with notice, to surrender the elder title to the equitable owner.   But the party is not remediless, for equity will aid him by compelling one having such a legal advantage over him to surrender it.   Such is the case before us. Although McGhee's entry and patent are older than Wright's entry, yet, that entry being predicated upon a preëmption claim, older than, and overreaching McGhee's entry, when allowed, will reach back to the date of the claim, in equity, and entitle the party to relief against the other's legal advantage.   He is, therefore, entitled to have his title quieted, and this cloud over it removed.   We do not conceive the objection to this decree for a conveyance, without a special prayer for it, well founded. The specific relief granted by the decree, falls clearly within the case made in the bill, and the general prayer for relief upon that case.

We can look no further into the question, as to the right of preëmption in Wright, in this case, than to ascertain that he had preferred and pursued his claim for one before the proper, competent tribunal, having jurisdiction to hear, adjudicate and determine upon it, and that his claim and right thereto had been allowed.   All this appears by competent testimony in this record.   The question is become *res adjudicata* between the parties, and is final and conclusive in this court.   Such are the repeated decisions of the courts and ministerial officers of the

United States, and of the courts of this and many other States. This court has already said it would be an useless ceremony to intimate an opinion upon a question, which it has no power to decide. *Gray* v. *McCanee*, 14 Ill. R. 344; *Bennett* v. *Farrer*, *et al.*, 2 Gil. R. 598; *Lessee Hickey et al.* v. *Stewart*, 3 How. U. S. R. 761; *Wilcox* v. *McConnell*, 13 Pet. R. 511; 1 Pet. R. 340, 666, 668; 2 Public Land Laws U. S., Nos. 85, 93, 99, 140; *Dickinson* v. *Brown*, 9 Smeed and Marsh. R. 130; *Mitchell* v. *Cobb*, 13 Ala. R. 137; *Lewis* v. *Lewis*, 9 Mo. R. 183; *Cunningham* v. *Ashley*, 7 Eng. Ark. R. 296.

The principle is too well settled by authority to admit of further discussion, nor need I refer to more authorities in support of it.

*Decree affirmed.*