### Emma A. J. Amberg et al. v. Anna Nachtway.

1. CHANCERY PRACTICE—*What Relief May Be Granted Under a General Prayer.*—Under a general prayer for relief, any relief may be granted which is warranted by the allegations of the bill and the proofs.

2. PROMISSORY NOTES—*When a Valid Agreement for an Extension Will Not Be Inferred.*—A valid and binding agreement for the extension of the time of payment of a promissory note can not be inferred from the mere fact that the holder received payments of interest after its maturity.

3. SAME—*Pleading an Extension of Time in Abatement.*—An agreement based upon a valid consideration to extend the time of payment of a promissory note to a date beyond when suit is brought for its recovery must be pleaded in abatement and not in bar.

4. PLEADING—*The Rule in Chancery.*—In chancery a defendant is bound to apprise the complainant by his answer of the nature of the defense he intends to set up and he can not avail himself of any matter of defense which is not stated in his answer even though it should appear in evidence.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL. Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 7, 1900.

Amberg v. Nachtway.

Julius & Lessing Rosenthal, attorneys for appellants.

Samuel B. King, attorney for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

This was a bill filed June 13, 1899, by Anna Nachtway, the appellee, for the foreclosure of a mortgage, alleging, among other things, that the principal note secured by the mortgage, with interest thereon since July 28, 1898, was due. Such proceedings were had that the cause was referred to a master to take proofs and report; the master's report was approved and a decree rendered in conformity therewith, finding due to the appellee the sum of $1,631, and decreeing sale of the mortgaged premises.

Appellants' counsel contend, first, that the decree is not warranted by the prayer of the bill; second, that it appears from the evidence that the note secured by the mortgage was extended; third, that if a foreclosure should be decreed, six and not seven per cent per annum interest should be allowed on the note after its maturity. The case stated by the bill is such as, if proved, would warrant a decree of foreclosure and sale. The prayer of the bill, after praying an accounting, etc., concludes with a prayer for general relief, and it is well settled by the decisions of this State, that under a prayer for general relief, any relief may be granted which is warranted by the allegations of the bill and the proofs. Walker v. Converse, 148 Ill. 622; Lane v. Union National Bank, 75 Ill. App. 299, 307, and cases cited.

The note secured by the mortgage was dated January 28, 1892, and by its terms was due in five years from date, or January 28, 1897, with interest at the rate of six per cent per annum, payable semi-annually, until maturity, and at the rate of seven per cent per annum after maturity. The following occurred in the cross-examination of appellee by appellants' solicitor:

" Q.   Where did you get this note ?   A.   I bought it by Heinemann; I bought that trust deed from Heinemann.

Q. Have you owned it ever since? A. Yes sir.

Q. When did you buy it? A. Oh, well, I guess the paper says it. I could not exactly tell the date.

Q. I mean about when; about how many years ago? A. Well, I could not exactly tell whether it is five years or less.

Q. It is dated in 1892. A. Well, then I bought it.

Q. You bought it in that year? A. I bought it and then you know it was due once and he lengthened it.

Q. Extended it? A. Yes, sir."

Indorsements on the note, which with the note were put in evidence, show that three semi-annual payments of interest were made on the note after its maturity at the rate of six per cent per annum.

From these facts counsel for appellants contend that there was an extension of the note, and that in the absence of proof to the contrary, the presumption is that the extension was for a time beyond the date of the filing of the bill; that when the existence of a state of things is established, the law will, in the absence of contrary evidence, presume its continuance. The premise of the argument, namely, that a valid extension is binding on the parties to it, was not proved, but is merely assumed. There is no proof that there was an extension for any definite time, which is necessary. 3 Randolph on Commercial Paper, Sec. 1820, and cases cited.

Neither is there any proof of a consideration for the alleged extension, which is also necessary, and without which there could be no extension binding on the holder of the note. 3 Randolph on Commercial Paper, Vol. 2, Sec. 492, and Vol. 3, Sec. 1822; Story on Promissory Notes, 7th Ed., Sec. 413; Stuber v. Schack, 83 Ill. 191.

From the mere fact that the holder of the note received payments of interest at the rate of six per cent per annum after the maturity of the note, a valid and binding agreement of extension can not be inferred. Appellant, in her answer, disclaims all knowledge of the execution of the note and mortgage, and sets up no defense. She does not deny the allegation of the bill that the note was overdue. In Bacon v. Schepflin, 185 Ill. 122, the court held that " an

agreement based upon a valid consideration, to extend the time of payment of the debt to a date beyond the time when the suit is brought, can not be pleaded in bar of the action, but only in abatement;" that such an agreement is a dilatory proceeding. Story, in his work on Equity Pleading, 9th Ed., Sec. 708, says:

" All declinatory and dilatory pleas in equity are properly pleas, if not in abatement, at least in the nature of pleas in abatement; and, therefore, in general, the objections founded thereon must be taken *ante litem contestatum* by plea, and are not available by way of answer, or at the hearing."

In Crone v. Crone, 180 Ill. 599, the court say :

" The rule in chancery is, that a defendant is bound to apprise the complainant, by his answer, of the nature of the defense he intends to set up, and that a defendant can not avail himself of any matter of defense which is not stated in his answer, even though it should appear in the evidence." Citing Johnson v. Johnson, 114 Ill. 611.

The objection that there was an agreement for extension being dilatory in its nature, and going not to the merits of the appellee's claim, but merely to the present remedy, as held by the court in Bacon v. Schepflin, *supra*, it would seem that, in accordance with the principles of pleading, both at law and in equity, it should, as stated by Mr. Justice Story, be pleaded in abatement.   But however this may be, the absence of proof of a valid and binding agreement for an extension is, of itself, sufficient to dispose of appellants' contention.

We are of opinion that there was no error in allowing appellee interest on the note after its maturity at the rate of seven per cent per annum.

The decree will be affirmed.