(No. 1658—

JOHN STUART COONLEY, JR. AND FRANK A. REHM, EXECUTORS OF THE LAST WILL AND TESTAMENT OF PHOEBE SEIPP, Deceased, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1931.*

*Rehearing denied November 4, 1931.*

RUBENS, FISCHER, MOSSER & BARNUM, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for the refund of $1,161.05 inheritance taxes alleged to have been erroneously paid because of a mutual mistake of fact. The tax was paid by the executors of Phoebe Seipp, deceased. The facts have been stipulated, the stipulation showing: that Phoebe Seipp died October 28, 1927; that an appraiser was appointed to appraise the property of her estate; that on May 3, 1928, the County Court of Cook County entered an order fixing the amount of inheritance tax due at the sum of $57,761.06; that on April 27, 1928, the executors paid the County Treasurer of Cook County $54,873.01, being the amount of the tax fixed by the County Court less 5% discount; that among the assets of the estate were 240 shares of the preferred stock of the Denver and Rio Grande Railroad Company which were valued by the appraiser at $12,420.00 and that $1,161.05 of the tax paid was tax upon that stock; that on March 19, 1929, the executors for the first time discovered that stock was worthless; that the value of the stock was given to the executors by a broker who mistakenly gave them the value of the stock of the Denver and Rio Grande Western Railroad Company, a solvent corporation, instead of the stock of the Denver and Rio Grande Railroad Company, an insolvent corporation, and that the executors and appraiser mistakenly believed the shares of stock owned by the deceased were shares of stock of the solvent corporation; that on November 12, 1929, the County Court of Cook County entered an order amending the appraiser's report and fixing the amount of tax due at the sum of $56,538.90; that in December, 1929, the executors filed their petition, duly sworn to by them, with the State Treasurer for a refund of $1,161.05 of the tax paid and attached to the petition a certified order of the County Court amending the appraiser's report and fixing the tax due at $56,538.90; and that the State Treasurer denied the prayer of the petition and refused to refund the tax.

A copy of the petition presented to the State Treasurer is attached to the stipulation and made a part thereof. It appears from this petition that the same facts were submitted to the State Treasurer as are submitted to this court. Section 10 of the Inheritance Tax Act provides that when any amount of an inheritance tax has been erroneously paid to the State Treasurer it shall be lawful for him on satisfactory proof to refund the amount so erroneously paid to the party who made the payment, provided application for repayment shall be made within two years from the date of the payment. The Inheritance Tax Act is a complete code, and the only provision it contains for the refund of a tax erroneously paid is Section 10. That section makes it the duty of the State Treasurer to refund any part of a tax erroneously paid if application therefore is made within two years; but it also clothes him with the power to determine from the proofs submitted to him whether or not the payments were erroneous. Within two years after making the alleged erroneous payment claimants made application to the State Treasurer to have it refunded, submitting to him the same proofs submitted to this court. He denied their application and refused to refund the tax. Whether his decision was right or wrong is not a matter for this court to determine. Where the legislature has given an officer, commission, or department of the State government power to act and decide upon a question the court of claims has no jurisdiction to review the decision. (*Moline Plow Co.* vs. *State,* 5 Ct. Cl. 93; *Linden* vs. *State,* 5 Ct. Cl. 150; *Gray* vs. *McCance,* 14 Ill. 343; *McGhee* vs. *Wright,* 16 Ill. 555; *Bennett* vs. *Farrar,* 2 Gil. 598.)

The claim is therefore denied and the case dismissed.